UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 07-10075-MLW |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT M. MARDIROSIAN, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR RETURN OF PROPERTY

Defendant Robert M. Mardirosian hereby moves pursuant to Fed. R. Crim. P. 41(g) for an Order directing the United States to return the computer seized pursuant to warrant on February 9, 2007. In support of this motion, Mardirosian states as follows:

1. On February 8, 2007, United States Magistrate Judge Marianne Bowler authorized the search of defendant's Falmouth, Massachusetts residence. The warrant for that search was executed on February 9, 2007.

2. During the search, agents seized a Compaq Presario computer.

3. As part of discovery, the government has made a mirror of the hard drive and turned it over to the defense. Notwithstanding that Rule 16 discovery is complete, the government has not identified any documents or files stored on the computer which it intends to introduce in evidence. Indeed, it appears that no forensic report of examination has been completed. Accordingly, it appears that the computer and its contents will play no role in the trial of this case.

4. While Mardirosian now has access to the contents of his computer, he continues to be deprived of the computer itself. The computer has no evidentiary value in this case except with respect to the chain of custody of the drive copies made from it. Given the government's failure to

designate any files within the computer as evidence in this case pursuant to Rule 16, it is unnecessary for the government to retain custody of the computer.

5. Mardirosian reserves the right to object to the government's use of the fruits of any search of the computer drive should the government indicate an intention to introduce them.

6. Undersigned counsel this day advised AUSA Jonathan Mitchell that Mardisorian will stipulate to the chain of custody relating to items discovered during the course of a forensic examination of the computer. By such agreement, the defendant does not waive the right to object to the admissibility of the fruits of the seizure on other grounds and reserves the right to file a motion to suppress the fruits of the search should the government indicate an intention to use the contents of the computer.

7. The Government and the defense are negotiating the terms under which the government will return the computer within a reasonable period of time.

Mardirosian does not request an immediate hearing on or resolution of this motion unless and until the parties are unable to reach agreement on the return of the computer.

ROBERT M. MARDIROSIAN

By his attorneys,

_____s/ Doug Cannon_____
Doug Cannon
BBO № 072180
Jeanne M. Kempthorne
Law Office of Jeanne M. Kempthorne
7 Bott's Court
Salem, Massachusetts 01970-3101
 (978) 745-4673

                                        Michael F. Hanley
                                        Brian P. Fitzsimmons
                                        Hanley, Hassett & Fitzsimmons, LLC
                                        40 Willard Street, G101
                                        Quincy, Massachusetts 02169
                                        (617) 770-2929

## Certificate of Service

ESSEX, ss.

    I, Doug Cannon, hereby certify that the foregoing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 4th day of June, 2007.

                                                        /s/ Doug Cannon