UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 07-10075-MLW |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT M. MARDIROSIAN, | ) | |
| Defendant. | ) | |

**AFFIDAVIT OF DOUG CANNON**

I, Doug Cannon, hereby depose and state the following:

1.  I am counsel of record to the defendant Robert Mardirosian ("Mardirosian") in the above-captioned case. I submit this affidavit in support of the Defendant's Motion to Suppress. Unless indicated otherwise, the facts stated herein are based on my personal knowledge.

2.  On February 8, 2007, I am informed and believe that U.S. Magistrate Judge Marianne Bowler authorized a search of defendant's residence in Falmouth, Massachusetts, to search for documents relating to Erie International Trading Company, documents evidencing shipments to Europe or use of storage facilities in Europe, and documents concerning storage, transport, sale, return, concealment, or ownership of the Bakwin paintings. The warrant indicated that the foregoing "financial information [ ] may be stored on computer storage media." Warrant, Attachment B, ¶ 4. Attachment B stated that "In the event that the agents cannot, for technical reasons, obtain access to any subject computer or cannot search for or copy information contained on that computer, the agents are then authorized to seize such computer and remove it to a laboratory setting for a sufficient period of time to obtain access to, search for, and recover the files and financial records described above." *Id.* ¶ 5. Affidavit for Search, Case No. 06-922-2-MBB, Attachments B, ¶ 5; D, ¶ 1. Attachment D, ¶ 1 to the warrant seems to have separately authorized the seizure of the

computer in order to permit accurate retrieval of the items authorized by the warrant, and permit the retrieval process to extend beyond the 10-day search period and the filing of the inventory required by Fed. R. Crim. P. 41(a).

3. The return and inventory filed with the court on March 22, 2007, indicates that on February 9, 2007, a search was made of Mardirosian's residence and a Compaq computer was seized.

4. This case was indicted on March 8, 2007. The prosecution's automatic discovery letter dated March 28, 2007, indicated that the computer was "awaiting review by the FBI." No fruits from the search were identified or provided. The government indicated it would have a duplicate made of the hard drive.

5. I have reviewed an email dated April 10, 2007, from the prosecution informing defense counsel Jeanne Kempthorne that the computer was on a "long list" of computers waiting to be examined by the FBI, but that an image of the drive could be made if the defense provided a drive.

6. In anticipation of a status conference held before M.J. Bowler on April 27, 2007, the defense noted that the government had not yet searched the computer and therefore had not complied with automatic discovery rules with respect to the computer and indicated that the defendant may need to seek relief from Rule 116.3. The defendant also proposed a schedule whereby he may file any motion to suppress within 21 days of the government's production of the fruits of its search of the computer.

7. I am informed and believe that on May 4, 2007, the prosecution tendered a computer disk which was described as containing a mirror image of the contents of the Compaq computer.

8.      At the final status conference held on May 14, 2007, the government advised the Court that it viewed its discovery obligations under Rule 16 as complete even though no inventory of items seized from the computer has been provided. The Magistrate advised that she would order all motions to be filed by June 4, 2007.

9.      On May 15, 2007, Magistrate Judge Bowler filed a final status report requiring the filing of dispositive motions by June 4, 2007. The final status report did not address defendant's request for a schedule for filing a motion to suppress, nor set a date by which the government was required to produce an inventory of seized items from the computer, but rather indicates that "Discovery is complete." Final Status Report, ¶ 5.

10.     I have reviewed the documents produced by the government pursuant to Fed. R. Crim. P. 16 and Local Rule 116.1(C). On May 14, June 3 and June 18, I consulted in person or by phone with the AUSA assigned to prosecute this case. My review, confirmed by my conversations with the prosecutor, indicates that no report of examination concerning the search of the computer has been produced. It is my understanding that the prosecution has not received any such report. To date, the prosecution has provided no supplemental inventory specifying which files or documents or categories of documents were seized from the computer media pursuant to the warrant.

11.     On or about June 4, 2007, the defendant filed a motion for return of property, specifically the computer (Docket item 24). In that motion, the defense stated: "Notwithstanding that Rule 16 discovery is complete, the government has not identified any documents or files stored on the computer which it intends to introduce in evidence. Indeed, it appears that no forensic report of examination has been completed. Accordingly, it appears that the computer and its contents will play no role in the trial of this case."

12. As a result of subsequent conversations with the prosecution, and after a review of the government response to the motion for return of property (Docket item 25), filed in this court on June 15, 2007, I now understand that the government:

a. is in possession of an unknown quantity of records which may implicate the attorney-client privilege, that these records have not been examined, but that at some point they will be examined by a "taint" team;

b. contemplates providing no further discovery in this matter except for designating specific exhibits shortly before trial, pursuant to Local Rule 117.1(A)(8), and providing Jencks Act material;

c. does not intend to make available any protocol or FBI 302 report(s) describing the search methods utilized to complete the search of the computer media;

d. takes the view that, in light of turning over a mirror image of the computer hard drive, it has no obligation to provide any supplemental inventory describing the specific files or documents or categories of documents which were seized from the computer media pursuant to the warrant;

e. takes the view that a motion to suppress evidence improperly seized from the computer is a "dispositive" motion which should have been filed by June 4, 2007, pursuant to the Magistrate's Order; and

f. takes the view that the defense was obligated to challenge the search by the deadline for filing dispositive motions, despite the fact that the defendant has no knowledge as to what items may have been or may yet be seized pursuant to a search of his computer authorized almost five months ago, has been provided no protocol for or report of the search, and is unable to

form any opinion as to whether he objects to the admissibility of whatever items may have been or may yet be seized from his computer. Without knowing what documents the government contends fall within the scope of the warrant or how it examined the computer, it is simply impossible to evaluate whether there are grounds for a motion to suppress.

I hereby certify that the foregoing is true and correct. Executed at Salem this 22nd day of June, 2007.

        /s/ Doug Cannon
Doug Cannon
BBO № 072180
7 Bott's Court
Salem, Massachusetts 01970
(978) 745-4673