UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>)<br>ROBERT MARDIROSIAN,       )<br>    Defendant.       ) | CRIMINAL NO. 07-10075-MLW |

DEFENDANT'S MOTION FOR THE PRESERVATION OF THE TESTIMONY OF A
FOREIGN NATIONAL BY DEPOSITION, PURSUANT TO RULE 15(a), FED. R. EVID.

Defendant Robert Mardirosian hereby moves this Court for the entry of an Order authorizing the taking of the testimony of Swiss resident V.L. Bernhard Vischer by deposition before the trial of the above-styled matter. In support of his motion, the defendant states that:

1.  Dr. V.L. Bernhard Vischer resides in Switzerland. Vischer negotiated the transfer of ownership of the paintings which are the subject of this indictment with Julian Radcliffe, a representative of the putative owner of the paintings.

2.  The defendant has been advised by the prosecution that Radcliffe will be a government witness in this case.

3.  Dr. Vischer's testimony is vital to the defense in that he is expected to refute the suggestion that title to the paintings was conveyed under duress. His testimony is neither cumulative nor duplicative.

3.  Dr. Vischer has advised the defense that he will not travel to the United States to provide testimony in this matter but that he is agreeable to testifying in Switzerland, in accordance with Swiss law.

4.  On August 7, 2007, the Court suggested that Dr. Vischer could testify by teleconference, from Switzerland, during the trial. The U.S. Department of Justice, Office of

International Affairs (OIA), has advised that such a procedure is not expressly authorized under the Mutual Legal Assistance Treaty (MLAT) between the United States and Switzerland and that the highest judicial court in Switzerland has recently suggested that a request for testimony by teleconference may be denied because the MLAT between the United States and Switzerland does not expressly provide for such a procedure. Further, OIA has concluded that a Swiss citizen cannot voluntarily cooperate in foreign proceedings unless that cooperation is countenanced by the relevant MLAT.

5. Dr. Vischer has not agreed to the OIA's suggestion, that defense counsel transmitted to him, that he travel to another European country in order to testify.

6. The defense, like the Court, would prefer to have the witness testify by video-conference and requests that the prosecution seek approval via MLAT from the Swiss authorities for Vischer's testimony during trial by teleconference.

In the event the Swiss authorities decline to authorize such testimony by teleconference, the defendant moves for authorization under Rule 15, Fed. R. Crim. P., in the interests of justice and because of exceptional circumstances, to preserve the testimony of Dr. Vischer, by video deposition taken in Switzerland, pursuant to the procedures set forth in the MLAT between the United States and Switzerland. The prosecution has agreed to initiate the MLAT procedures, seeking authority for both the deposition and testimony by teleconference, if the Court authorizes the deposition of Dr. Vischer. The defendant will comply with the requirements of Rule 15(a)(1) and (b)(1).

While the defendant has the right to be present at the deposition, pursuant to Fed. R. Crim. P. 15(c), subject to conditions imposed by the Court, the defendant agrees to waive his right to be physically present during the taking of the deposition on the condition that he may listen during the entire course of the deposition by telephone and may communicate privately with his counsel during

- 3 -

the proceeding. Such a two-telephone line procedure has been approved in other federal criminal proceedings and has been suggested by OIA in the present case. *See United States v. McKeeve*, 131 F.3d 1 (1st Cir. 1997); *U.S. v. Des Marteau,* 162 F.R.D. 364 (M.D.Fl. 1995).

      Respectfully submitted,

      **ROBERT MARDIROSIAN**

      By his attorney,

      /s/ Doug Cannon
      Doug Cannon
      BBO No. 072180
      Law Office of Jeanne M. Kempthorne
      7 Bott's Court
      Salem, MA 01970
      (978) 745-4673

Certificate of Service

I, Jeanne M. Kempthorne, hereby certify that I have this day served the foregoing Memorandum on all counsel of record by means of the ECF system.

      /s/ Jeanne M. Kempthorne

Date: September 17, 2007