UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) No. 07-CR-10075-MLW<br>ROBERT M. MARDIROSIAN )<br>)<br>)<br>Defendant. ) | |

**MOTION FOR AN ORDER AUTHORIZING
THE DEPOSITION OF CAROLINE LANG**

The United States hereby moves pursuant to Rule 15 of the Federal Rules of Criminal Procedure for an order authorizing the deposition of Caroline Lang, a resident of Switzerland and Sotheby's employee who inspected six of the stolen Bakwin paintings in 2005, assessed their value for a proposed sale to Sotheby's, and directed the transportation of four of the paintings from Geneva to London. Counsel for the United States has communicated with counsel for the defendant regarding this motion, and counsel for the defendant does not assent to this motion.

Rule 15(a)(1) of the Federal Rules of Criminal Procedure allows a party to seek to depose a prospective witness in order to preserve the witness's testimony for trial. A court, of course, may authorize the deposition under exceptional circumstances and if it would be in the interests of justice to hold the deposition. *See* Fed. R. Crim. Proc. 15(a)(1). Exceptional circumstances exist here, and the interests of justice warrant the taking of Caroline Lang's deposition. Lang is a central, percipient witness in this case. As set forth in the FBI witness report attached at Exhibit 2, in January 2005, she went to Sarasin Bank in Geneva, met Paul Palandjian, and inspected certain of the stolen paintings in order to verify their authenticity and estimate their value in the event that they would be sold at auction. *See* FBI 302 re: Interview of Caroline Lang, Ex. 2 at 1-

2. Based on Lang's inspection, Sotheby's offered to place four of the paintings for sale at auction in London.  In April 2005, the defendant in turn, through Palandjian, directed Sotheby's to proceed with the auction and shipment of the paintings from Geneva to London.  Lang arranged this shipment through her assistant.  *See id.* at 2.

As these statements make clear, Lang's testimony is highly probative regarding the value of the stolen goods that were transported in foreign commerce, as well as circumstances surrounding the sale of these paintings.  In short, Lang establishes the causal link between the defendant and the transportation of the stolen paintings in foreign commerce.  In this way, she is a percipient witness to the offense charged in Count Two of the Indictment.

To preserve this testimony, a deposition is necessary.  Lang resides in Switzerland, and therefore lies beyond the subpoena power of the United States.  The only way the government can procure Lang's appearance is simply to ask her, and hope that she agrees to appear voluntarily at the trial.  Toward this end, Assistant United States Attorney Jonathan Mitchell has asked Sotheby's general counsel, Jonathan Osloff, to facilitate Lang's appearance.  *See* Mitchell Aff., Ex. 1 at ¶¶ 5-6.  According to Olsoff, Lang was available to testify at trial when it was scheduled to begin June 9th, and Lang booked airline tickets to Boston for that appearance.  *See id.* at ¶ 5.  Olsoff reports, however, that Lang will be on vacation the week of August 11, when the trial is now scheduled.  *See id.*  Olsoff further reports that Lang is paying for this vacation with her personal funds, and that August is the only time during the year when her work schedule affords her an opportunity to take an extended vacation.  *See id.*  Olsoff also has informed AUSA Mitchell that Lang is willing to come to Boston to be deposed by the parties in advance of trial.  *See id.* at ¶ 6.

Taking Lang's deposition would be in the interests of justice, not only because her testimony would be central to the case, but also because it would not prejudice the defendant. The defendant will have a full opportunity to confront and cross examine her. Although important, the subject matter of her testimony is sufficiently discrete to afford the defendant a full opportunity to prepare. The deposition would be videotaped so that the jury would be able to view her directly and assess her credibility.

WHEREFORE, the United States requests that this Court issue an order authorizing the deposition of Caroline Lang.

*Respectfully submitted,*

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Ryan M. DiSantis
JONATHAN F. MITCHELL
RYAN M. DISANTIS
Assistant U.S. Attorneys
U.S. Attorney's Office
U.S. Courthouse, Suite 9200
Boston, MA 02210

Date:   June 9, 2008

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 9th day of June, 2008, I served a copy of the Government's Motion for an Order Authorizing the Deposition of Caroline Lang and attached exhibits on defense counsel of record by means of the ECF system.

                                        /s/ Ryan M. DiSantis
                                        Ryan M. DiSantis
                                        Assistant U.S. Attorney